

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Armstrong
County Auditor
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-4948
Re: Are the justice of the peace
and the county and district
clerks required to maintain
a depository or fund for the
safekeeping of fees of office
and the deposits on court costs,
separate and apart from their
personal funds, and other re-
lated questions?

Your request for an opinion on the above matters
has been received and carefully considered. We quote your
request as follows:

"The question has arisen among our county
officials in connection with the annual audit of
the county finances and the records of the vari-
ous County and Precinct officials as to whether
officials collecting money for the County are re-
quired to deposit such funds collected in an ac-
count separate from their personal funds and
accounts. The funds referred to are primarily
of two kinds. First are fees of office collected
by such official and required to be distributed
to the other County officials or remitted to the
County at the close of each month. Second are
court costs, the final amount thereof due the
County being undeterminable until the final dis-
position of the case.

"The officials particularly in mind are the
County and District Clerks and the Justices of the
Peace of the various Precincts of the County. All

632

of these officials in Tom Green County are on a salary basis. Some of these officials maintain the funds collected for the above-described purpose in a separate account. Others deposit them from day to day in their personal accounts.

"I find no statutory provision expressly regulating the deposit of these funds, unless Section 11 of Article 2558-A, referring to the County and District Clerks' trust funds, might be construed to require the said clerks to deposit such funds in the County depository for trust funds, although, heretofore, these depositories have been used only for guardianship, probate, and other like deposits pending disposition by court order.

"In order that I may establish some uniform method among the County officials of handling the above-mentioned funds, will you kindly advise me on the following questions:

"1. Is the Justice of the Peace required to maintain a depository or fund for the safekeeping of fees of office and the deposits on court costs, separate and apart from his personal funds?

"2. Is the County Clerk required to maintain a depository or fund for the safekeeping of fees of office and the deposits on court costs, separate and apart from his personal fund?

"3. Is the District Clerk required to maintain a depository or fund for the safekeeping of fees of office and the deposits on court costs, separate and apart from his personal fund?

"4. If the above officials or any of them are not required to maintain a separate fund for such fees and court costs deposits, are such officials required to maintain at all times a balance in their personal account sufficient to cover the amount of all fees and deposits collected but unreported to the County?

"5. Would an official who commingles County funds with his personal funds be liable on his

official bond if his personal account failed to show a balance sufficient to cover all County funds and unabsorbed deposits in his hands at any given time?

"...."

Article 3912e of our Revised Civil Statutes, Sections 4, 5 and 6(b), is as follows:

"Sec. 4. In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas'. Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds.

"Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the

time and place for a hearing on same, to determine
whether such officer was guilty of negligence,
which time for hearing shall be at least ten days
subsequent to the date of notice. Unless an of-
ficer is charged by law with the responsibility
of collecting fees, the Commissioners' Court shall
not in any event make any deductions from the au-
thorized salary of such officer."

"Sec. 6. . . . .

"(b) No officer receiving a salary shall
hereafter receive any ex officio compensation; pro-
vided, however, the Commissioners' Court shall
transfer from the General Fund of the County to
the Officers' Salary Fund or funds of such county
such funds as may be necessary to pay the sala-
ries and other claims chargeable against the same
when the monies deposited therein are insufficient
to meet the claims payable therefrom.

" . . . . ."

Article 1946 is as follows:

"On the last day of each term of the county
court, the clerk shall make a written statement
showing all moneys received by him for jury fees
and fines since his last statement, with the names
of the parties from whom received; and the name of
each juror who has served at such term; the number
of days he served, and the amount due him for such
service. Such statement shall be examined and cor-
rected by the presiding judge, and be approved and
signed by him. When so approved and signed it
shall be recorded in the minutes of the court."

Article 1947 is as follows:

"The clerk shall pay to the county treasurer
all jury fees and fines received by him to the use
of the county."

Article 1617 is as follows:

"Each district clerk, county clerk, county
judge, county treasurer, sheriff, district and

Honorable R. L. Armstrong, Page 5

county attorney, constable and justice of the peace, who shall collect or handle any money for the use of the county, shall make a full report to the commissioners court, at each regular term thereof, of all fines imposed and collected and all judgments rendered and collected for the use of the county, and all jury fees collected in their respective courts in favor of, or for the use of the county; and at the same time present their receipts and vouchers showing what disposition has been made of the money collected, fines imposed and judgments rendered. Said court shall carefully examine said reports, receipts and vouchers and if found correct, shall cause the clerk to enter the same on the finance ledger, and, if found to be incorrect, shall summon said officer before them, and have the same corrected. Said reports, receipts, and vouchers shall be filed in the county clerk's office."

Article 1622 is as follows:

"When any officer collects money belonging to, and for the use of, any county, he shall, except where otherwise provided in this title, forthwith report the same to the proper county clerk, stating fully from whom collected, the amount collected, the time when collected, and by virtue of what authority or process collected. On making such report, such amount shall be charged to such officer, and he may discharge himself therefrom by producing the receipt of the proper county treasurer therefor."

Article 1900 is as follows:

"On the last day of each term of the court, the clerk shall make a written statement showing all moneys received by him for jury fees and fines, with the name of each party from whom received, up to the date of such statement, and since his previous statement; and also the name of each juror who has served at such term, the number of days he served, and the amount due him for such services. Such statement shall be examined, corrected, approved, and signed by the presiding judge. Such statement, when so approved and signed shall be recorded in the minutes of the court."

Article 1074 of the Code of Criminal Procedure is as follows:

"In each case of conviction in a county Court, or a County Court at Law, whether by a jury or by a Court, there shall be taxed against the defendant or against all defendants, when several are held jointly, a trial fee of Five Dollars, the same to be collected and paid over in the same manner as in the case of a jury fee, and in the Justice Court the trial fee shall be the sum of Four Dollars."

Article 1077 of the Code of Criminal Procedure is as follows:

"A jury fee shall be collected as other costs in a case, and the officer collecting it shall forthwith pay it to the county treasurer of the county where the conviction was had."

Article 949 of the Code of Criminal Procedure is as follows:

"Money collected by an officer upon recognizances, bail bonds and other obligations recovered upon in the name of the State under any provision of this Code, and all fines, forfeitures, judgments and jury fees, collected under any provision of this Code, shall forthwith be paid over by the officers collecting the same to the county treasurer of the proper county, after first deducting therefrom the legal fees and commissions for collecting the same."

Article 104 of the Penal Code is as follows:

"Each county and precinct officer who shall in his official capacity collect or receive any money or fees belonging to another person, shall inform such person of the collection of such money or fees, and promptly pay the same over on demand to the one entitled thereto, taking receipt therefor, which shall be entered or noted in his fee book."

Honorable R. L. Armstrong, Page 7


Article 2075 of the Revised Civil Statutes is as follows:

"The clerks of all courts having official re-
porters shall tax as costs in each civil case where
an answer is filed, except suits to collect delin-
quent taxes, a stenographer's fee of three dollars,
which shall be paid, as other costs in the case,
and paid by said clerk, when collected, into the
general funds of the county in which said court
sits."

Rule No. 146 of the Rules of Practice and Procedure
in Civil Actions is as follows:

"In lieu of a bond for costs, the party re-
quired to give the same may deposit with the clerk
of court or the justice of the peace such sum as
the court or justice from time to time may desig-
nate as sufficient to pay the accrued costs."

Under the above statutes, the Justice of the Peace,
District Clerk and County Clerk are required to perform the
following duties:

Pay into the Officers' Salary Fund all fees and com-
missions collected for official services performed by them "as
and when collected"; the county clerk, on the last day of each
term of county court, to make a written statement showing all
moneys received by him for jury fees and fines since his last
statement, and pay same to the county treasurer; make a full
report to the commissioners court, at each regular term there-
of, of all fines, judgments and jury fees collected by them,
and present their receipts and vouchers showing what disposi-
tion had been made of the money collected; report to the coun-
ty clerk the collection of money belonging to and for the use
of the county, which shall be charged to such officer, and he
may discharge himself therefrom by producing the receipt of
the county treasurer therefor; the district clerk, on the last
day of each term of court, shall make a written statement show-
ing all moneys received by him for jury fees and fines, which
shall be recorded in the minutes of the court when approved by
the presiding judge; collect and pay over trial fees in crimi-
nal cases in the same manner as in the case of jury fees; pay
jury fees in criminal cases "forthwith" to the county treasurer;

Honorable R. L. Armstrong, Page 8

pay all money collected upon recognizances, bail bonds and other obligations in the name of the State and all fines, forfeitures, judgments and jury fees, collected under the provisions of the Code of Criminal Procedure, "forthwith" to the county treasurer; inform other persons of the collection of moneys or fees belonging to them, and promptly pay same on demand to the one entitled thereto; pay stenographer's fees into the general funds of the county "when collected"; accept as deposits on costs such sums as they may designate from time to time as sufficient to pay "accrued" costs.

Webster's Dictionary defines the word "forthwith" as meaning "without delay".

Our statutes do not specify when the county clerk shall pay to the county jury fees in civil cases, neither do they specify that the district clerk shall pay such fees to the county, but the other statutes referred to show that it was the intention of the Legislature that such fees should be paid to the county promptly.

There is no specified time as to when other officials for whom fees have been collected by the Justice of the Peace, District Clerk and County Clerk shall demand and receive payment thereof, but it was evidently intended that same should be paid promptly, since notice of the collection of such fees is required to be given when same is collected. In addition, Section 6(b) of Article 3912e requires the county to transfer to the Officers' Salary Fund such funds as may be necessary to pay the salaries and other claims chargeable against same when the monies deposited therein are insufficient. It was evidently intended, therefore, that such officials should promptly collect all fees due them and pay same into said Officers' Salary Fund as provided by Section 5 of Article 3912e.

It would seem from the provisions of these statutes that it would not be necessary for said officials to maintain a depository or fund for the safekeeping of fees of office and deposits on court costs separate and apart from their personal funds, as same should be promptly paid to the parties entitled thereto. In any event, such funds being trust funds, said officials do not have the right to use same, or any part thereof, for their personal benefit; and, if not promptly paid to those entitled thereto, such funds should be kept in an account separate from personal funds.

Our statutes, however, do not require Justices of the Peace, County Clerks and District Clerks to maintain a depository or fund for the safekeeping of fees of office and deposits on court costs separate and apart from their personal funds. Such officials are not required to maintain at all times a balance in their personal accounts sufficient to cover the amount of all fees and deposits collected but unreported to the county, and an official who commingles county funds with his personal funds would not be liable on his official bond if his personal account failed to show a balance sufficient to cover all county funds and unabsorbed deposits in his hands at any given time. Therefore, each and all of the questions propounded by you are answered in the negative.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*

Jas. W. Bassett
Assistant

J.B:mp

APPROVED NOV 6, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

